UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FRANKLIN OSVALDO RUBIO,

Plaintiff,

v.

CREDENCE MANAGEMENT SOLUTIONS, LLC,

Defendant.

Civil Action No.: 1:25-cv-01784-RBW

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Introduction

Defendant moves to dismiss this case based on timeliness and alleged deficiencies in Plaintiff's pleadings. The motion should be denied. Plaintiff's Title VII claims are subject to equitable tolling because he diligently pursued his rights and only later discovered key facts confirming Defendant's unlawful conduct. Plaintiff's D.C. Human Rights Act claim is timely in light of tolling during the administrative process and his prompt filing thereafter. In addition, Plaintiff has sufficiently pled defamation by identifying the speaker, date, content, falsity, and resulting harm, and has adequately alleged discrimination, retaliation, and hostile work environment under Rule 8. At this stage, Plaintiff's well-pleaded facts must be accepted as true, and those facts state plausible claims for relief.

I. Title VII Claims Should Proceed

Although Defendant claims the EEOC charge was late, equitable tolling applies. Plaintiff diligently attempted to file earlier and did not learn critical facts until an associate confirmed HR had disclosed damaging information without authorization. Plaintiff filed EEOC Charge



RECEIVED

OCT 14 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

No. 570-2025-02670 on April 22, 2025 and received a Right-to-Sue on May 6, 2025. This lawsuit was filed within 90 days. Dismissal is inappropriate at this stage.

## II. The DCHRA Claim Is Timely

The one-year period was tolled while the EEOC charge was pending. Plaintiff filed shortly after receiving his Right-to-Sue letter. Whether tolling makes the claim timely is at least a fact issue not suitable for dismissal.

## III. Plaintiff States a Defamation Claim

Plaintiff alleges Abby Smith of HR told a third party verifier on April 9, 2025 that Plaintiff was terminated for poor performance, without verifying identity or authorization. Plaintiff was never told he failed his PIP, never received documentation, and was terminated despite compliance. The statement was false, factual in nature, and caused reputational and financial harm, including rejection by prospective employers.

## IV. Plaintiff States Claims for Discrimination, Retaliation, and Hostile Work Environment

The Amended Complaint alleges Plaintiff was treated more harshly than peers for minor infractions, was followed and harassed by his manager, was placed on a PIP after complaining, and was terminated. At this stage, Plaintiff need only plausibly allege claims. These allegations state claims under Title VII and the DCHRA.

## Conclusion

Defendant's Motion to Dismiss should be denied. Alternatively, Plaintiff requests leave to amend under Rule 15(a)(2).

Respectfully submitted,

Franklin Osvaldo Rubio

1341 Montague St. NW

Washington, DC 20011

Phone: (202) 391-3328

Email: rubio.franklin1@gmail.com

Plaintiff, Pro Se

Date: October 14, 2025

## CERTIFICATE OF SERVICE

I certify that on October 14, 2025, I served a copy of the foregoing Opposition to Defendant's Motion to Dismiss by email to:

Matthew E. Feinberg

PilieroMazza PLLC

888 17th Street NW, 11th Floor

Washington, DC 20006

mfeinberg@pilieromazza.com

Respectfully submitted,

Franklin Osvaldo Rubio

1341 Montague St. NW

Washington, DC 20011

Phone: (202) 391-3328

Email: rubio.franklin1@gmail.com

Plaintiff, Pro Se